■ JOYCE HABER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [642 NYS2d 546] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 27, 1994, which denied her motion to restore the case to the court calendar and granted the cross motion of the defendant City of New York to dismiss the complaint pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

The court properly denied the plaintiff's motion to restore the case to the trial calendar. "[I]t is well settled that '[a] party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar'" (*Kopilas v Peterson,* 206 AD2d 460, 461, quoting *Civello v Grossman,* 192 AD2d 636). In this case, the plaintiff's conclusory affidavit was insufficient to demonstrate the merits of the case (*see, Vargas v Flatbush Pest Control,* 178 AD2d 528). Also, the plaintiff failed to establish that the City would not be prejudiced if her motion was granted. The plaintiff's "blanket assertion" that the defendant would suffer no prejudice was insufficient (*see, Robinson v New York City Tr. Auth.,* 203 AD2d 351).

The plaintiff's remaining contention is without merit. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.