■ TAMARA VID et al., Appellants, v GLENN J. KAUFMAN et al., Respondents, et al., Defendants. [834 NYS2d 291]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered January 27, 2006, which denied their motion to restore this action to the trial calendar, (2) a judgment of the same court dated February 10, 2006, which, upon the order, dismissed the action insofar as asserted against the defendants Glenn J. Kaufman and Ob-Gyn Associates of Long Island, P.C., and (3) an order of the same court dated August 1, 2006, which denied their motion for leave to renew and reargue the motion to restore the action to the trial calendar.

Ordered that the appeal from the order entered January 27, 2006 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from so much of the order dated August 1, 2006 as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated August 1, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order entered January 27, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order entered January 27, 2006 are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to CPLR 3404, this action was automatically dismissed one year after it was marked off the calendar. The court providently exercised its discretion in denying the plaintiffs' motion to restore because they failed to demonstrate a reasonable excuse for their delay in seeking to restore, a lack of intent to abandon, a meritorious claim, and a lack of prejudice to the defendants (*see Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 418 [2006]; *Costigan v Bleifeld,* 21 AD3d 871, 872 [2005]; *Sarot v Yusufov*, 301 AD2d 512, 513 [2003]; *Haber v City of New York*, 227 AD2d 378 [1996]).

The court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew their motion to restore because they failed to present "new facts" which were unavailable at the time of the original motion and which would change the prior determination (*see Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 519, 522 [2006]; *Giovanni v Moran*, 34 AD3d 733, 734 [2006]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.