■ 1766-68 ASSOCIATES, LP, Appellant, v CITY OF NEW YORK et al., Respondents. [937 NYS2d 33]—

The motion court properly dismissed the cause of action alleging that the City failed to enforce Building Code provisions relating to construction, excavation, and blasting by not ordering the Metropolitan Transit Authority (MTA) defendants to perform the work required to stabilize or otherwise protect plaintiff's building. No liability lies against the City for its discretionary decisions relating to issuing orders, directives, permits, or the like even where the code allows it to do so (see *City of New York v 17 Vista Assoc.*, 84 NY2d 299, 307 [1994]; *Matter of Church of Chosen v City of Elmira*, 18 AD3d 978, 979 [2005], *lv denied* 5 NY3d 709 [2005], *cert denied sub nom. Stephenson v City of Elmira*, 547 US 1115 [2006]).

The cause of action alleging a violation of the Takings Clause (US Const 5th Amend; NY Const, art I, § 7), was also properly dismissed. Plaintiff does not allege that the City's issuance of the emergency declaration and vacate order forever deprived plaintiff of all of the building's economic use (see *Kaufman v City of New York*, 717 F Supp 84, 95 [SD NY 1989], *affd* 891 F2d 446 [1989], *cert denied* 495 US 957 [1990]). More critically, the motion court correctly held that no compensation was due under the Takings Clause, as compensation is not required where the government acts to "prevent an impending danger emanating directly from the use or condition of the property" (*Birnbaum v State of New York*, 73 NY2d 638, 646 [1989], *cert denied* 494 US 1078 [1990]; see also *Rochester Poster Adv. Co. v City of Rochester*, 38 AD2d 679 [1971]).

Insofar as the complaint alleges that the City conspired with the MTA to deprive plaintiff of its property rights, such claim fails to state a cause of action since civil conspiracy has not been properly pleaded. The complaint fails to allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement (see *Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 474 [2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias J.P., Sweeny, Moskowitz,

Renwick and Freedman, JJ. [**Prior Case History: 2010 NY Slip Op 32930(U).**]