JOSE PEREZ, Appellant, v JENNY LOPEZ et al., Respondents. [948 NYS2d 312]—

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (*see* CPLR 3026), "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Knutt v Metro Intl., S.A.*, 91 AD3d 915, 915 [2012]).

Contrary to the Supreme Court's determination, the defamatory statement alleged in the complaint to have been made by the defendant Jenny Lopez was pleaded with sufficient particularity (*see* CPLR 3016 [a]; *Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 48 [2009]) and was reasonably susceptible of a defamatory meaning (*cf. Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997]). Moreover, the plaintiff sufficiently pleaded defamation per se, as the alleged defamatory statement tended to disparage him "in the way of [his] office, profession, trade or business" (*Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 261 [1995]). Contrary to the defendants' contention, the "single instance" rule is inapplicable under the circumstances presented because the alleged defamatory statement accused the plaintiff of "much more than a mere mistake, dereliction, or lapse in judgment on a single occasion" (*Porcari v Gannett Satellite Info. Network, Inc.*, 50 AD3d 993, 994 [2008]). Accordingly, upon reargument, the Supreme Court should have denied that branch of the defendants' motion which was pursu-

ant to CPLR 3211 (a) (7) to dismiss the first cause of action alleging defamation insofar as asserted against Lopez.

Upon reargument, the Supreme Court also should have denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action alleging civil conspiracy to commit defamation insofar as asserted against Lopez and the defendants Jaclyn Irma Yeh and Victoria Rahn. In order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement (*see 1766-68 Assoc., LP v City of New York*, 91 AD3d 519, 520 [2012]). The complaint sufficiently alleges these elements insofar as asserted against Lopez, Yeh, and Rahn. However, since the complaint does not allege any overt action on the part of the defendant Vicinniya Williams in furtherance of the agreement, the Supreme Court properly, upon reargument, adhered to its prior determination granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against Williams.

The parties' remaining contentions are without merit. Rivera, J.P., Eng, Lott and Cohen, JJ., concur.