(Lefkowitz, J.),
In an action to recover damages for false arrest, false imprisonment, and malicious prosecution, the defendant John Darcy appeals from an order of the Supreme Court, Westchester County entered October 27, 2011, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant John Darcy for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff commenced this action against her former husband, Paul Faulkner, his friend John Darcy (hereinafter the appellant), and the City of Yonkers, alleging causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution. The complaint and bill of particulars allege that the appellant conspired with the plaintiffs former husband to file a false report with the police, resulting in the plaintiffs arrest and criminal prosecution. The Supreme Court denied the appellant’s motion for summary judgment dismissing the complaint insofar as asserted against him.
“Although an independent cause of action for civil conspiracy is not recognized in this State, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme” (Litras v Litras, 254 AD2d 395, 396 [1998] [citation omitted]; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]; Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 479 [2009]; Gouldsbury v Dan’s Supreme Supermarket, 154 AD2d 509, 510 [1989]; Burns Jackson Miller Summit & Spitzer v Lindner, 88 AD2d 50, 72 [1982], affd 59 NY2d 314 [1983]). “The allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives” (Goldstein v Siegel, 19 AD2d 489, 493 [1963]; see Green v Davies, 182 NY 499, 503-504 [1905]; MBF Clearing Corp. v Shine, 212 AD2d 478, 479 [1995]; Silver v Mohasco Corp., 94 AD2d 820, 821 [1983]). Therefore, under New York law, “[i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement” {Perez v Lopez, 97 AD3d 558, 560 [2012]; *901 see 1766-68 Assoc., LP v City of New York, 91 AD3d 519, 520 [2012]; Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [2010]). “A bare conclusory allegation of conspiracy is usually held insufficient” (Goldstein v Siegel, 19 AD2d at 493; see Halperin v Lieberman, 271 App Div 878 [1946]; Supreme Specialty Mfg. Co., Inc. v DeMuth, 220 App Div 812 [1927]; cf. Kalmanash v Smith, 291 NY 142, 154-155 [1943]).
The appellant met his prima facie burden of demonstrating his entitlement to judgment as a matter of law by submitting evidence that he did not file a false report or actively importune the police to arrest the plaintiff (see DeFilippo v County of Nassau, 183 AD2d 695, 696-697 [1992]), and did not commence or continue a criminal proceeding against her (see Broughton v State of New York, 37 NY2d 451, 457 [1975]). In opposition, the plaintiff failed to raise a triable issue of fact by setting forth specific acts on the appellant’s part which make out participation by him in an actionable tort. Even if the appellant did, as the plaintiff claims, advise her former husband to falsely tell the police that the plaintiff had hit him, the plaintiff failed to submit any evidence to demonstrate that the appellant and her former husband entered into an agreement to make a false report to the police for the purpose of causing the plaintiffs arrest, confinement, and criminal prosecution (see Perez v Lopez, 97 AD3d at 560; Goldstein v Siegel, 19 AD2d at 493). Since New York does not recognize an independent tort to recover damages for civil conspiracy (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969; Romano v Romano, 2 AD3d 430, 432 [2003]), the appellant’s motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Dillon,
J.E, Angiolillo, Dickerson and Cohen, JJ., concur.