Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli (2023 NY Slip Op 01812)

Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli

2023 NY Slip Op 01812

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2019-03424
 (Index No. 714510/17)

[*1]Philip S. Schwartzman, Inc., et al., appellants,
v
Pliskin, Rubano, Baum & Vitulli, et al., respondents.

Genoa & Associates, P.C., Old Brookville, NY (Marilyn K. Genoa of counsel), for appellants.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (David Bloom of counsel), for respondents Pliskin, Rubano, Baum & Vitulli and Joseph D. Vitulli.
Ganfer, Shore, Leeds & Zauderer, LLP, New York, NY (Steven J. Shore and Ira Brad Matetsky of counsel), for respondents Joseph Vitulli, as executor of the estate of Joseph Vitulli, Jr., JJ Realty of NY, LLC, and Linden Street Realty of NY, LLC.

DECISION & ORDER
In an action to recover damages for legal malpractice, breach of fiduciary duty, unjust enrichment, civil conspiracy, violation of Judiciary Law § 487, and fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), dated January 14, 2019. The order, insofar as appealed from, granted the motion of the defendants Pliskin, Rubano, Baum & Vitulli and Joseph D. Vitulli pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and that branch of the separate motion of the defendants Joseph Vitulli, Jr., JJ Realty of NY, LLC, and Linden Street Realty of NY, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Pliskin, Rubano, Baum & Vitulli and Joseph D. Vitulli which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action to recover damages for legal malpractice insofar as asserted by the plaintiff Philip S. Schwartzman, Inc., as alleged that those defendants exposed that plaintiff to excess tax liability by recording a sale price on certain tax documents that was higher than the true sale price of the subject commercial property, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants Pliskin, Rubano, Baum & Vitulli and Joseph D. Vitulli to the plaintiffs, and one bill of costs payable by the plaintiffs to the defendants Joseph Vitulli, as executor of the estate of Joseph Vitulli, Jr., JJ Realty of NY, LLC, and Linden Street Realty of NY, LLC.
In May 2018, the plaintiff Philip S. Schwartzman, Inc. (hereinafter PSSI), and PSSI's sole shareholder and president, the plaintiff John Schwartzman, commenced this action, inter alia, to recover damages for legal malpractice relating to the sale of a parcel of commercial property located in Flushing that was owned by PSSI. The plaintiffs alleged in the complaint that after Schwartzman received an offer to purchase the property, he discussed the offer with the defendant [*2]Joseph D. Vitulli, PSSI's attorney. Joseph D. Vitulli informed Schwartzman that his father, the defendant Joseph Vitulli, Jr., would be willing to make a better offer for the property. PSSI entered into a contract to sell the building to the defendant JJ Realty of NY, LLC (hereinafter JJ Realty), a corporation allegedly owned by Joseph D. Vitulli and Joseph Vitulli, Jr. The contract was then assigned to the defendant Linden Street Realty of NY, LLC (hereinafter Linden Street Realty). Schwartzman signed a disclosure agreement waiving any conflict of interest with regard to the transaction. PSSI ultimately sold the property to Linden Street Realty.
The plaintiffs alleged in the complaint that Joseph D. Vitulli misrepresented several facts related to the sale, and that he acted against PSSI's interests by advising the plaintiffs to sell the building for far less than it was worth. In an order dated January 14, 2019, the Supreme Court, among other things, granted the motion of Joseph D. Vitulli and his law firm, the defendant Pliskin, Rubano, Baum & Vitulli, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and that branch of the separate motion of Joseph Vitulli, Jr., JJ Realty, and Linden Street Realty which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiffs appeal. During the pendency of the appeal, Joseph Vitulli, Jr., died, and the executor of his estate was substituted for him.
Contrary to the plaintiff's contentions, the Supreme Court correctly granted those branches of the motions which were to dismiss the causes of action alleging fraud, breach of fiduciary duty, unjust enrichment, violation of Judiciary Law § 487, and civil conspiracy.
"[T]he elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Matter of Hersh, 198 AD3d 766, 771 [internal quotation marks omitted]). Courts have "consistent[ly] refus[ed] to allow damages for fraud based on the loss of a contractual bargain, the extent, and, indeed . . . the very existence of which is completely undeterminable and speculative" (Dress Shirt Sales v Hotel Martinique Assoc., 12 NY2d 339, 344). Here, the plaintiffs failed to allege nonspeculative damages from the sale of the property, since they do not allege that any other potential buyer made a more favorable offer to purchase the property (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 143). To the extent that the plaintiffs contend that Joseph D. Vitulli fraudulently prepared affidavits in previous lawsuits, which Schwartzman signed, any suggestion that the courts would have ruled differently in those lawsuits absent the alleged fraud is pure speculation (see Jean-Paul v Rosenblatt, 208 AD3d 652).
"To state a cause of action to recover damages for breach of fiduciary duty, which must be pleaded with the requisite particularity under CPLR 3016(b), a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775 [internal quotation marks omitted]). Here, the plaintiffs alleged only speculative damages related to the sale of the property, which is insufficient to maintain a cause of action alleging breach of fiduciary duty (see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1268, 1271-1272; Stafford v Reiner, 23 AD3d 372, 372).
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570 [internal quotation marks omitted]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790). Here, the plaintiffs based their unjust enrichment claim on the same set of facts upon which they based their breach of fiduciary duty and fraud claims. Namely, they alleged that the defendants deceived them into selling the property for less than it was worth and the defendants unjustly derived a financial benefit from that deceit. "To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects" (id. at 791).
"Under Judiciary Law § 487(1), an attorney who '[i]s guilty of any deceit or collusion, [*3]or consents to any deceit or collusion, with intent to deceive the court or any party' is liable to the injured party for treble damages" (Altman v DiPreta, 204 AD3d 965, 968). "Since Judiciary Law § 487 authorizes an award of damages only to 'the party injured,' an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute" (Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 911 [internal quotation marks omitted]). Here, the plaintiffs alleged that Joseph D. Vitulli deceived the court in a previous action in 2015 by having Schwartzman sign affidavits that misrepresented Joseph D. Vitulli's stake in JJ Realty and his connection to Linden Street Realty. However, any suggestion that the court in that action would have ruled differently absent the alleged deceit is purely speculative, and the plaintiffs have thus failed to plead an essential element.
"Although an independent cause of action for civil conspiracy is not recognized in this State, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (Faulkner v City of Yonkers, 105 AD3d 899, 900 [internal quotation marks omitted]). "Under New York law, in order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (McSpedon v Levine, 158 AD3d 618, 621 [alterations and internal quotation marks omitted]). The plaintiff must "assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives" (Faulkner v City of Yonkers, 105 AD3d at 900 [internal quotation marks omitted]). Here, the plaintiffs have failed to state a cause of action alleging fraud, so they also failed to state a cause of action alleging civil conspiracy to commit fraud, "since it stands or falls with the underlying tort" (McSpedon v Levine, 158 AD3d at 621).
To state a cause of action alleging legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Buczek v Dell & Little, LLP, 127 AD3d 1121, 1122; Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d 968, 970). "To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d at 970; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Bells v Foster, 83 AD3d 876, 877). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (Gall v Colon-Sylvain, 151 AD3d 698, 700, quoting Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848).
Here, the plaintiffs failed to state a cause of action alleging legal malpractice arising from Joseph D. Vitulli's alleged misconduct in advising the plaintiffs to sell the commercial property to Joseph Vitulli, Jr., since any injury from that misconduct is speculative (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910; Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox, 112 AD3d 909, 910; Plymouth Org., Inc. v Silverman, Collura & Chernis, P.C., 21 AD3d 464, 465). However, the complaint does set out a valid cause of action on behalf of PSSI to recover damages for legal malpractice against Joseph D. Vitulli and Pliskin, Rubano, Baum & Vitulli based on the allegations that Joseph D. Vitulli recorded an incorrect sale price on certain tax documents, exposing PSSI to higher taxes (see Randazzo v Nelson, 128 AD3d 935, 937). Those same allegations do not make out a valid cause of action on behalf of Schwartzman individually, since they do not allege that Joseph D. Vitulli "breached a duty owed to the shareholder independent of any duty owing to the corporation wronged" (Abrams v Donati, 66 NY2d 951, 953; see Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 911; Jacobs v Cartalemi, 156 AD3d 605, 608; Patterson v Calogero, 150 AD3d 1131, 1133).
Accordingly, the Supreme Court should have denied that branch of the motion of Joseph D. Vitulli and Pliskin, Rubano, Baum & Vitulli which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action to recover damages for legal malpractice insofar as asserted by PSSI as alleged that those defendants exposed PSSI to excess tax liability by recording a sale price on certain tax documents that was higher than the true sale price for the property.
The plaintiffs' remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court