Barbetta v NY Auto Find, Inc. (2023 NY Slip Op 06023)

Barbetta v NY Auto Find, Inc.

2023 NY Slip Op 06023

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-06347
 (Index No. 30/21)

[*1]Consuelo Marie Barbetta, appellant, 
v
NY Auto Find, Inc., respondent.

Consuelo Marie Barbetta, North Bellmore, NY, appellant pro se.
The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered August 9, 2021. The order, insofar as appealed from, denied the plaintiff's second motion for leave to enter a default judgment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
After seeing an advertisement on Facebook, the plaintiff allegedly contacted and worked with the defendant in connection with her purchase of a used car. In December 2020, the plaintiff allegedly purchased a 2013 used car with more than 100,000 miles from South Shore Subaru for a total sale price (on credit) of $17,268. The plaintiff alleged that the car did not function properly, despite efforts by the defendant to repair it, and that, shortly after purchasing it, she had it appraised and sold it for its appraised value of $4,000.
The plaintiff, pro se, commenced this action against the defendant by filing a verified complaint, and thereafter, she filed a verified amended complaint. The plaintiff's affidavit of service averred that the amended complaint was served on the defendant on February 19, 2021. The defendant failed to timely serve an answer (see CPLR 320[a]), and the plaintiff moved, twice, for leave to enter a default judgment. The Supreme Court denied the plaintiff's second motion on the ground that she failed to demonstrate compliance with CPLR 3215(g)(4). The plaintiff appeals.
CPLR 3215(g)(4) requires additional service of the summons by first-class mail "[w]hen a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law." Business Corporation Law § 306(b) permits service of process on the Secretary of State as agent of a domestic or authorized foreign corporation. Here, service was not made upon the defendant pursuant to Business Corporation Law § 306(b), but, according to the affidavit of service, by personal delivery to an employee of the defendant authorized to accept service of process, at an address in Massapequa (see CPLR 311[a][1]). Thus, the additional mailing requirement set forth in CPLR 3215(g)(4) was not applicable.
Nevertheless, we affirm on a different ground. On a motion for leave to enter a default judgment, an applicant must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the default (see id. § 3215[f]; Banks v 110-18 198th St. Corp., 205 AD3d 869).
Contrary to the defendant's contention, the plaintiff submitted proof of service in the form of an affidavit of service, which was unchallenged by the defendant.
However, the defendant correctly argues, alternatively, that the plaintiff failed to submit proof of the facts constituting the cause of action. For purposes of obtaining leave to enter a default judgment, a verified complaint "need only allege enough facts to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Banks v 110-18 198th St. Corp., 205 AD3d at 869-870). However, "a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126; see Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871).
Here, the amended complaint did not allege sufficient facts "to enable [the] court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d at 71; see Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871). The plaintiff's main theory of liability appears to be fraud, which "requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Da Silva v Champ Constr. Corp., 186 AD3d 452, 454; see Rosado v K & Y Mgt. Corp., 212 AD3d 677, 678). The allegations in the amended complaint did not sufficiently detail the nature of the factual misrepresentation that was made to the plaintiff and by whom. Significantly, the defendant was not the seller of the car, and the plaintiff did not adequately explain the defendant's role in the transaction. Further, the plaintiff did not allege that she justifiably relied upon whatever misrepresentation was made or allege facts from which such justifiable reliance can be inferred. In other words, the amended complaint did not indicate with any detail what was told to the plaintiff by the defendant that was false, or whether, how, and why she relied upon that information (see Weinstein v Levitin, 208 AD3d 531, 532; Scifo v Taibi, 198 AD3d 704, 705).
Furthermore, the allegations in the amended complaint were insufficient to establish the existence of any other viable cause of action. Accordingly, the plaintiff's second motion for leave to enter a default judgment was properly denied (see Katz v Blau, 173 AD3d 987, 988; McGee v Dunn, 75 AD3d 624, 624-625; Venturella-Ferretti v Ferretti, 74 AD3d 792, 792-793).
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court