Clevenger v Yuzek (2023 NY Slip Op 06722)

Clevenger v Yuzek

2023 NY Slip Op 06722

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2018-09977
 (Index No. 518372/17)

[*1]Ty Clevenger, appellant, 
v
Dean G. Yuzek, et al., respondents.

Ty Clevenger, Brooklyn, NY (Quainton Law, P.C. [Eden Quainton], of counsel), appellant pro se.
Furman Kornfeld & Brennan LLP, New York, NY (Daniel H. Butler and Andrew R. Jones of counsel), for respondent Jeffrey Bloom.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York, NY (Gary Patterson and William Gagas of counsel), for respondent Stanley Slater.
Kranjac Tripodi & Partners LLP, New York, NY (Joseph Tripodi and James Van Splinter of counsel), for respondents Dean G. Yuzek, Cherish Benedict, Robert Banner, Melissa T. Billig, Daniel L. Carroll, Roger Cukras, David G. Erbert, Warren E. Friss, Larry F. Gainen, Edward Goodman, Tara B. Mulrooney, John G. Nicolich, Shane O'Neill, Susan J. Onuma, Amol K. Pachnanda, Jessica L. Rothman, Jennifer E. Schwartz, Mioko C. Tajika, Neil R. Weinstein, Cory L. Weiss, David J. Zinberg, Jennifer B. Zourigui, and Ingram Yuzek Gainen Carroll & Berlotti, LLP.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Peter C. Contino of counsel), for respondents Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C., Robert Selzer, Carlton Obecny, Andrew R. Polott, Neil Gurvitch, H. Mark Rabin, Patrick Kearney, James G. Dattaro, Elyse L. Strickland, and Michael Bramnick.
Citak & Citak, New York, NY (Donald L. Citak of counsel), for respondent Frederick E. Edwords.

DECISION & ORDER
In an action to recover damages for fraud, violation of Judiciary Law § 487, and civil conspiracy, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 3, 2018. The order, insofar as appealed from, denied, as academic, the plaintiff's motion to appoint a guardian ad litem for William C. Cartinhour, Jr, granted the motion of the defendants Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C., Robert Selzer, Carlton Obecny, Andrew R. Polott, Neil Gurvitch, H. Mark Rabin, Patrick Kearney, James G. Dattaro, Elyse L. Strickland, and Michael Bramnick pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, granted that branch of the motion of the defendants Ingram Yuzek Gainen Carroll & Berlotti, LLP, Dean G. Yuzek, Cherish Benedict, Robert Banner, Melissa T. Billig, Daniel L. Carroll, Roger Cukras, David G. Erbert, Warren E. Friss, Larry F. Gainen, Edward Goodman, Tara B. Mulrooney, John G. Nicolich, Shane O'Neill, Susan J. Onuma, Amol K. Pachnanda, Jessica L. Rothman, Jennifer E. Schwartz, Mioko C. Tajika, Neil R. Weinstein, Cory L. Weiss, David J. Zinberg, and Jennifer B. Zourigui which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, granted the motion of the defendant Jeffrey Bloom pursuant to [*2]CPLR 3211(a) to dismiss the complaint insofar as asserted against him, granted the motion of the defendant Stanley Slater pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and granted that branch of the cross-motion of William C. Cartinhour, Jr., by the guardian of his property, Robert M. McCarthy, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against William C. Cartinhour, Jr.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In an action commenced in the United States District Court for the District of Columbia (hereinafter Robertson I), a jury found, inter alia, that Wade Robertson breached a fiduciary duty he owed to William C. Cartinhour, Jr., and awarded Cartinhour $7,000,000 in damages. Robertson was represented by Edward Griffin, and Cartinhour was represented by members of Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C.
While Robertson I was still pending in the District Court for the District of Columbia, the plaintiff in this action, acting as Robertson's attorney, commenced an action in the United States District Court for the Southern District of New York (hereinafter Robertson II), alleging, inter alia, racketeering, conspiracy, and fraud related to the events underlying Robertson I and certain misconduct by Cartinhour and his attorneys in Robertson I. After Robertson II was transferred to the District Court for the District of Columbia, it was dismissed and sanctions were imposed against the plaintiff in this action. Members of the firm Ingram Yuzek Gainen Carroll & Berlotti, LLP, represented Cartinhour in Robertson II in the District Court for the Southern District of New York.
The plaintiff commenced this action to recover damages for fraud, violation of Judiciary Law § 487, and civil conspiracy against Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C., Robert Selzer, Carlton Obecny, Andrew R. Polott, Neil Gurvitch, H. Mark Rabin, Patrick Kearney, James G. Dattaro, Elyse L. Strickland, and Michael Bramnick (hereinafter collectively the SGRW defendants); Ingram Yuzek Gainen Carroll & Berlotti, LLP, Dean G. Yuzek, Cherish Benedict, Robert Banner, Melissa T. Billig, Daniel L. Carroll, Roger Cukras, David G. Erbert, Warren E. Friss, Larry F. Gainen, Edward Goodman, Tara B. Mulrooney, John G. Nicolich, Shane O'Neill, Susan J. Onuma, Amol K. Pachnanda, Jessica L. Rothman, Jennifer E. Schwartz, Mioko C. Tajika, Neil R. Weinstein, Cory L. Weiss, David J. Zinberg, and Jennifer B. Zourigui (hereinafter collectively the Ingram defendants); Jeffrey Bloom, Stanley Slater, and Cartinhour. In the complaint, the plaintiff asserted, inter alia, that during the course of Robertson I, Cartinhour's attorneys concealed the fact that Cartinhour was symptomatic of schizophrenia, conspired with others in order to do so, and improperly communicated ex parte with the Judge who was overseeing the case. The plaintiff alleged that all of the defendants committed fraud and violations of Judiciary Law § 487 and participated in a civil conspiracy to conceal Cartinhour's mental illness and lack of capacity in Robertson I and Robertson II and as a result of the defendants' wrongful conduct, sanctions were improperly imposed against him, he suffered physical and emotional injury, and he lost hundreds of hours of work.
In an order dated July 3, 2018, the Supreme Court, inter alia, granted the separate motions of the SGRW defendants, Slater, and Bloom pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, granted that branch of the motion of the Ingram defendants which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, granted that branch of the cross-motion of Cartinhour which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and denied, as academic, the plaintiff's motion to appoint a guardian ad litem for Cartinhour. The plaintiff appeals. Cartinhour has since died. By decision and order on motion of this Court dated February 17, 2023, Frederick E. Edwords, as administrator of Cartinhour's estate, was substituted for Cartinhour, and the caption was amended accordingly.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes [*3]whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, in the complaint, the plaintiff alleged that the SGRW defendants concealed Cartinhour's mental illness, tampered with evidence, suborned perjury, and engaged in improper ex parte communications during their representation of Cartinhour in Robertson I and conspired with the other defendants to conceal Cartinhour's mental illness in Robertson I and Robertson II. In addition, in the complaint, the plaintiff also alleged that the Ingram defendants concealed Cartinhour's mental illness and their lack of authority to represent him in Robertson II and conspired with the SGRW defendants to transfer Robertson II to the District Court for the District of Columbia.
The Supreme Court granted the SGRW defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and that branch of the Ingram defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the complaint failed to state a viable cause of action insofar as asserted against those defendants (see CPLR 3211[a][7]).
The elements of a cause of action to recover damages for fraud "require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (id. at 559). Here, liberally construing the allegations in the complaint in the light most favorable to the plaintiff, the complaint failed to state a cause of action to recover damages for fraud against the SGRW defendants since the plaintiff failed to allege that the SGRW defendants intentionally misrepresented a material fact for the purpose of inducing the plaintiff to rely upon that misrepresentation or that the plaintiff relied on any alleged misrepresentation made by them (see CPLR 3211[a][7]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 878-879).
Additionally, liberally construing the allegations in the complaint in the light most favorable to the plaintiff, the complaint failed to state a cause of action to recover damages for fraud against the Ingram defendants since the plaintiff failed to allege that he relied on any false representation made by them (see CPLR 3211[a][7]; Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829). Moreover, the plaintiff's assertion that the Ingram defendants concealed Cartinhour's mental illness and their lack of authority to represent Cartinhour in Robertson II and that they conspired with the SGRW defendants to transfer Robertson II to the District Court for the District of Columbia are based on speculation and conjecture and thus, are insufficient "to permit a reasonable inference of the alleged misconduct" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559 [internal quotation marks omitted]; see CPLR 3016[b]).
"[A] Judiciary Law § 487 cause of action requires that the alleged deceit occurred during a judicial proceeding in which the plaintiff was a party" (Gorbatov v Tsirelman, 155 AD3d at 840).
Here, because the plaintiff was not a party in Robertson II, he cannot assert a Judiciary Law § 487 cause of action against the SGRW defendants and the Ingram defendants based upon alleged misrepresentations they made in that action (see id. at 840). Accordingly, the Supreme Court properly granted those branches of the separate motions of the SGRW defendants and Ingram defendants which were pursuant to CPLR 3211(a) to dismiss the Judiciary Law § 487 cause of action insofar as asserted against each of them.
"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (McSpedon v Levine, 158 AD3d 618, 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969). "However, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort, and establish [*4]that those actions were part of a common scheme" (McSpedon v Levine, 158 AD3d at 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969). "[I]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (Perez v Lopez, 97 AD3d 558, 560; see McSpedon v Levine, 158 AD3d at 621).
Here, since the complaint failed to connect the actions of the SGRW defendants and the Ingram defendants to a cognizable cause of action for fraud or violation of Judiciary Law § 487, the Supreme Court properly directed dismissal of the cause of action alleging civil conspiracy to commit those torts insofar as asserted against the SGRW defendants and the Ingram defendants (see CPLR 3211[a][7]; Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 703; McSpedon v Levine, 158 AD3d at 621).
The plaintiff's remaining contentions related to the SGRW defendants are without merit. The remaining contentions of the SGRW defendants and the Ingram defendants have been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted the SGRW defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and that branch of the Ingram defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
In the complaint, the plaintiff alleged that after Robertson II was transferred to the District Court for the District of Columbia, Bloom purported to represent Cartinhour, who was not mentally competent, and that Bloom colluded with the other attorney defendants to conceal Cartinhour's mental illness. The Supreme Court granted Bloom's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the grounds that Bloom was not subject to personal jurisdiction in New York and that the complaint failed to state a viable cause of action against him (see CPLR 3211[a][7], [8]).
"The party seeking to assert personal jurisdiction bears the ultimate burden of proof to establish a basis for such jurisdiction" (WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d 1, 6 [internal quotation marks omitted]; see Sacco v Reel-O-Matic, Inc., 183 AD3d 567). However, to successfully oppose a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d at 6 [internal quotation marks omitted]; see America/Intl. 1994 Venture v Mau, 146 AD3d 40, 51). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d at 6 [internal quotation marks omitted]; see Fanelli v Latman, 202 AD3d 758, 759).
Here, viewing the plaintiff's allegations in the light most favorable to him, the plaintiff failed to demonstrate, prima facie, that Bloom was subject to the jurisdiction of the Supreme Court (see CPLR 302[a]; Serota v Cooper, 216 AD3d 1019, 1022). Accordingly, the court properly directed dismissal of the complaint insofar as asserted against Bloom pursuant to CPLR 3211(a)(8), for lack of personal jurisdiction.
Bloom's remaining contentions have been rendered academic in light of our determination.
In the complaint, the plaintiff alleged that, during discovery in Robertson I, Slater, who was Cartinhour's psychiatrist, aided Bramnick in altering Cartinhour's subpoenaed medical records and failed to disclose that Cartinhour had a history of schizophrenia during his deposition testimony. The Supreme Court granted Slater's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and that branch of Cartinhour's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the grounds that Slater and Cartinhour were not subject to personal jurisdiction in New York and that the complaint failed to state a viable cause of action against each of them (see CPLR 3211[a][7], [8]).
Viewing the plaintiff's allegations in the light most favorable to him, the plaintiff failed to demonstrate, prima facie, that Slater and Cartinhour was subject to the jurisdiction of the court (see CPLR 302[a]; Serota v Cooper, 216 AD3d at 1022). Accordingly, the Supreme Court properly directed dismissal of the complaint insofar as asserted against Slater and Cartinhour pursuant to CPLR 3211(a)(8), for lack of personal jurisdiction.
In any event, the Supreme Court also properly directed dismissal of the complaint insofar as asserted against Slater and Cartinhour pursuant to CPLR 3211(a)(7) for failure to state a cause of action. More specifically, the plaintiff failed to adequately state a cause of action to recover damages for fraud against Slater and Cartinhour since the complaint failed to adequately allege that Slater or Cartinhour intentionally misrepresented a material fact for the purpose of inducing the plaintiff to rely upon that misrepresentation (see CPLR 3211[a][7]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Ozelkan v Tyree Bros. Envtl. Services, Inc., 29 AD3d at 878). The court properly directed dismissal of the Judiciary Law § 487 cause of action insofar as asserted against Slater and Cartinhour since the complaint failed to allege that Slater or Cartinhour were acting as an attorney (see CPLR 3211[a][7]; Smallwood v Lupoli, 107 AD3d 782, 784). Since the complaint failed to connect the actions of Slater and Carinhour to a cognizable cause of action for fraud or violation of Judiciary Law § 487, the court properly directed dismissal of the cause of action alleging civil conspiracy to commit those torts insofar as asserted against Slater and Cartinhour (see CPLR 3211[a][7]; Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d at 703; McSpedon v Levine, 158 AD3d at 621).
Accordingly, the Supreme Court properly granted Slater's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and that branch of Cartinhour's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
Contrary to the plaintiff's contention, Robert M. McCarthy, as guardian of Cartinhour's property in Maryland, had authority to move, on Cartinhour's behalf, to dismiss the complaint insofar as asserted against Cartinhour (see MD Est & Trusts § 15-102).
The Supreme Court properly denied the plaintiff's motion to appoint a guardian ad litem for Cartinhour as academic.
The defendants' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court