B&H Flooring, LLC v Folger (2024 NY Slip Op 03400)

B&H Flooring, LLC v Folger

2024 NY Slip Op 03400

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-01474 
2022-01475
 (Index No. 510108/19)

[*1]B & H Flooring, LLC, appellant, 
v
Samuel Folger, etc., et al., defendants, Jonathan Rubin, respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz and Moshe H. Naghdi of counsel), for appellant.
Solomon Rubin, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for civil conspiracy to commit fraud and money had and received, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 13, 2021, and (2) an order of the same court dated January 31, 2022. The order dated August 13, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant Jonathan Rubin and granted the cross-motion of the defendant Jonathan Rubin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The order dated January 31, 2022, in effect, upon reargument, adhered to the determination in the order dated August 13, 2021, denying that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant Jonathan Rubin and granting the cross-motion of the defendant Jonathan Rubin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the appeal from the order dated January 31, 2022, is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order dated August 13, 2021, is modified, on the law, by deleting the provision thereof granting the cross-motion of the defendant Jonathan Rubin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In May 2019, the plaintiff commenced this action against, among others, the defendant Jonathan Rubin (hereinafter the defendant), alleging, inter alia, causes of action to recover damages for civil conspiracy to commit fraud and money had and received. The complaint alleged, among other things, that the defendant Samuel Folger induced Barry Fraser, the plaintiff's principal, to lend him money by falsely promising to repay a loan within a couple of days and that the defendant, along with the defendants Joseph Harrison, HSK Law Group, LLC, Progressive Real Estate Agency, and Agharta Management, LLC (hereinafter collectively the corporate defendants), conspired with Folger to defraud the plaintiff by agreeing to use the corporate defendants' bank [*2]accounts as vehicles to hide a money trail and steal the plaintiff's money. According to the complaint, Progressive Real Estate Agency's bank account is owned by the defendant. Thereafter, the defendant, acting pro se, moved, pre-answer, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, alleging lack of personal jurisdiction. Subsequently, on February 13, 2020, the defendant's pre-answer motion was marked off the Supreme Court's calendar due to the defendant's failure to appear before the court on the return date of the motion. The defendant never answered the complaint.
On April 19, 2021, the plaintiff moved, inter alia, pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant. Thereafter, the defendant cross-moved, pro se, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and opposed the plaintiff's motion. In an order dated August 13, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant as untimely and granted the defendant's cross-motion on a ground that was not asserted by the defendant, directing dismissal of the complaint insofar as asserted against the defendant as abandoned pursuant to CPLR 3215(c). The plaintiff appeals.
"CPLR 3215(a) provides that '[w]hen a defendant has failed to appear, plead or proceed to trial . . . the plaintiff may seek a default judgment against him [or her]'" (US Bank N.A. v Davis, 196 AD3d 530, 532; see CPLR 3215[a]). "CPLR 3215(c) employs mandatory language, that the court 'shall' dismiss a complaint as abandoned, either as a result of a motion or at the court's own initiative, where proceedings have not been taken within one year after a defendant's default or as necessarily extended by a CPLR 3408 toll" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49). "To avoid dismissal . . . , '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default, and a plaintiff is not even required to specifically seek a default judgment within a year'" (Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557, quoting Cumanet, LLC v Murad, 188 AD3d 1149, 1151 [citation omitted]). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557).
The Supreme Court erred in denying that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant on the ground that the motion was untimely. Contrary to the defendant's contention, the plaintiff was required to move for leave to enter a default judgment within one year after February 13, 2020, the date that the defendant's prior pre-answer motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him was marked off the court's calendar (see id. § 3215[c]; see generally Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784). Although the plaintiff moved, inter alia, pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant on April 19, 2021, the plaintiff's motion was still timely pursuant to the tolling period established by Executive Order (A. Cuomo) No. 202.8, codified as 9 NYCRR 8.202.8 (see Murphy v Harris, 210 AD3d 410, 411-412; Brash v Richards, 195 AD3d 582, 585).
Nevertheless, we find that denial of that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant was proper, albeit on a different ground. Although the Supreme Court did not address the merits of that branch of the plaintiff's motion, we deem it appropriate to do so in the interest of judicial economy rather than remitting the matter to that court (see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1128, 1129; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822).
"On a motion for leave to enter a default judgment, an applicant must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the default" (Barbetta v NY Auto Find, Inc., 221 AD3d 851, 853; see CPLR 3215[f]). "For purposes of obtaining leave to enter a default judgment, a verified complaint 'need only allege enough facts to enable a court to determine that a viable cause of action exists'" (Barbetta v NY Auto Find, Inc., 221 AD3d at 853, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). [*3]"However, 'a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action'" (Barbetta v NY Auto Find, Inc., 221 AD3d at 853, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126).
"'Although an independent cause of action for civil conspiracy is not recognized in this State, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme'" (Faulkner v City of Yonkers, 105 AD3d 899, 900, quoting Litras v Litras, 254 AD2d 395, 396; see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 788). "[U]nder New York law, '[i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement'" (Faulkner v City of Yonkers, 105 AD3d at 900, quoting Perez v Lopez, 97 AD3d 558, 560; see McSpedon v Levine, 158 AD3d 618, 621). A cause of action alleging fraud requires a plaintiff to plead "'(1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages'" (Barbetta v NY Auto Find, Inc., 221 AD3d at 853, quoting Da Silva v Champ Constr. Corp., 186 AD3d 452, 454). Here, the plaintiff failed to submit proof of the facts constituting the cause of action alleging civil conspiracy to commit fraud insofar as asserted against the defendant (see Barbetta v NY Auto Find, Inc., 221 AD3d at 853; Swartz v Swartz, 145 AD3d 818, 825-826). The plaintiff's theory, inter alia, is that the defendant conspired with Folger to defraud the plaintiff by agreeing to use Progressive Real Estate Agency's bank account as a vehicle to hide a money trail and steal the plaintiff's money. However, the plaintiff's conclusory allegation of conspiracy, without submitting proof of the facts, is insufficient (see Faulkner v City of Yonkers, 105 AD3d at 900-901).
"'The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money'" (DeGroat v Whalen, 201 AD3d 875, 877, quoting Goel v Ramachandran, 111 AD3d 783, 790). The plaintiff failed to submit proof of the facts constituting the cause of action alleging money had and received insofar as asserted against the defendant (see Lebovits v Bassman, 120 AD3d 1198, 1199-1200).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant.
However, the Supreme Court improperly granted the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The defendant never moved to restore to the court's calendar his prior pre-answer motion for the same relief, which had been marked off the calendar for the defendant's failure to appear on the return date of the motion, made more than one year before he filed the cross-motion (see generally Millard v Wyche, 164 AD3d 778; Vid v Kaufman, 39 AD3d 740). In any event, the court, inter alia, granted the defendant's cross-motion on a ground different than that asserted by him, directing dismissal of the complaint insofar as asserted against him as abandoned pursuant to CPLR 3215(c). As previously set forth, contrary to the court's determination, that branch of the plaintiff's motion which was pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendant was timely, and, therefore, it was error to direct dismissal of the complaint insofar as asserted against the defendant as abandoned pursuant to CPLR 3215(c).
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court