Mason v Caruana (2020 NY Slip Op 01733)





Mason v Caruana


2020 NY Slip Op 01733


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


18 CA 19-01152

[*1]ANN MASON, PLAINTIFF-RESPONDENT,
v
ERIC D. CARUANA, DEFENDANT-APPELLANT, ET AL., DEFENDANTS.






THE ZOGHLIN GROUP, PLLC, ROCHESTER (JACOB H. ZOGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVIDSON FINK LLP, ROCHESTER (RICHARD N. FRANCO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 16, 2019. The order, among other things, granted plaintiff's motion for summary judgment as against defendant Eric D. Caruana. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the counterclaims of defendant Eric D. Caruana and reinstating those counterclaims, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to foreclose on a purchase money mortgage. The original note and mortgage was between plaintiff's now-deceased husband (decedent) and Eric D. Caruana (defendant), but decedent assigned those instruments to himself and plaintiff, jointly, several years before he passed away. The facts related to this action are summarized in an earlier appeal from an order denying defendant's motion for summary judgment on several of his counterclaims (Mason v Caruana, 177 AD3d 1295, 1295 [4th Dept 2019]). As we held in Mason, "plaintiff, as the assignee of a mortgagee, stands in the shoes of decedent and took the mortgage subject to the equities attending the original transaction" (id. at 1296 [internal quotation marks omitted]). As a result, we determined that defendant could "assert any defenses and claims against plaintiff that he could have asserted against decedent, but only as an offset to the amount of [plaintiff's foreclosure] demand' " (id.). Nevertheless, we concluded that there were triable issues of fact that precluded summary judgment in favor of defendant on the relevant counterclaims.
Following the order entered in Mason but before our decision was issued, plaintiff moved for, inter alia, summary judgment on her complaint and for summary judgment dismissing defendant's affirmative defenses and counterclaims. Supreme Court granted that motion, and defendant appeals.
We conclude that the court properly granted those parts of the motion for summary judgment on the complaint and dismissing defendant's affirmative defenses. "It is well settled that a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default" (Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]; see Bank of N.Y. Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019]). We conclude that plaintiff established her prima facie case and that defendant "failed to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action' " (Bank of N.Y. Mellon, 169 AD3d at 1446). None of defendant's affirmative defenses or counterclaims affect the validity or enforceability of the mortgage or note, as would defenses "such as waiver, estoppel, bad faith, [*2]fraud or oppressive or unconscionable conduct on the part of . . . plaintiff [or decedent]' " (Wells Fargo Bank, N.A. v Deering, 134 AD3d 1468, 1469 [4th Dept 2015]). Indeed, defendant's allegations "challenge only the amount of the mortgage debt, as [his] claims, if proved, might be offset against the amount due and owing to . . . plaintiff" (Johnson v Gaughan, 128 AD2d 756, 757 [2d Dept 1987]).
We conclude, however, that the court erred in granting that part of the motion seeking summary judgment dismissing defendant's counterclaims, and we therefore modify the order accordingly. Plaintiff failed to establish as a matter of law that she was entitled to judgment dismissing the counterclaims inasmuch as plaintiff's own submissions raise triable issues of fact whether defendant is entitled to an " offset to the amount of [plaintiff's foreclosure] demand' " (Mason, 177 AD3d at 1296; cf. Weiss v Phillips, 157 AD3d 1, 10 [1st Dept 2017]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court