Bank of N.Y. Mellon v Ingrassia (2022 NY Slip Op 02246)

Bank of N.Y. Mellon v Ingrassia

2022 NY Slip Op 02246

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-01203
2019-01204
2019-01249
 (Index No. 6434/10)

[*1]Bank of New York Mellon, etc., respondent,
v
Jasmine Ingrassia, appellant, et al., defendants.

La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello and Edward Rugino of counsel), for respondent.

DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Jasmine Ingrassia appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 20, 2018, (2) an order of the same court, also entered September 20, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered October 18, 2019. The first order entered September 20, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jasmine Ingrassia, to strike her answer, and for an order of reference, and denied that defendant's cross motion to confirm the dismissal of the action under the terms of a prior order of the same court (Kathryn D. Hopkins, Ct. Atty. Ref.) dated September 13, 2012. The second order entered September 20, 2018, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeals from the orders entered September 20, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders entered September 20, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On March 31, 2010, the plaintiff commenced this foreclosure action against the defendant Jasmine Ingrassia (hereinafter the defendant), among others. On or about April 20, 2010, the defendant interposed an answer.
In 2010 and 2011, several conferences were scheduled in the foreclosure settlement conference part. On the fourth scheduled conference date of May 4, 2011, the defendant failed to appear. The action was released from that part, and the plaintiff was directed to proceed with the action.
Over the next year, the plaintiff did not take any steps to complete the prosecution of the action. In a "Foreclosure Part Nassau County 90 Day Extension Order" dated September 13, 2012 (hereinafter the 90-day order), the plaintiff was "directed to take all appropriate steps, including the filing of a note of issue if applicable, to obtain an order of reference or a judgment of foreclosure and sale . . . no later than February 4, 2013, in default of which the matter shall be dismissed as abandoned (CPLR Section 3215[c]) or dismissed for lack of prosecution (CPLR Section 3216[a])."
Several years later, by notice of motion dated April 26, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant cross-moved to confirm that the action had been automatically dismissed based on the plaintiff's failure to comply with the terms of the 90-day order and contended that, therefore, the plaintiff's motion for summary judgment and related relief "must be denied as moot."
In an order entered September 20, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion. In a second order, also entered September 20, 2018, the court, inter alia, granted the same relief to the plaintiff, and referred the matter to a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered October 18, 2019, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the 90-day order was not self-effectuating, but rather contemplated the issuance of an order of dismissal upon the plaintiff's failure to comply therewith (see generally Safina v Queens-Long Is. Med. Group, 238 AD2d 395, 395; cf. generally HSBC Bank USA, N.A. v Arias, 187 AD3d 1158). However, there is no order of dismissal in the record, nor is there any indication that the action was ministerially dismissed by being marked off the active calendar.
To the extent the defendant's cross motion could be viewed as one seeking such an order of dismissal based on the plaintiff's failure to comply with the 90-day order, she was not entitled to such relief. Contrary to the defendant's contention, since she interposed an answer to the complaint, the action was not subject to dismissal pursuant to CPLR 3215(c), but rather only pursuant to CPLR 3216. In that regard, as the defendant has conceded, the record fails to establish that she, or the Supreme Court, satisfied all of the prerequisites for dismissal of the action pursuant to CPLR 3216 (see Krause v Lobacz, 131 AD3d 1128, 1129-1130; see also BankUnited v Kheyfets, 150 AD3d 948, 949).
Since the action was never dismissed, there is no merit to the defendant's contention that the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her should have been denied as academic.
Accordingly, we affirm the order and judgment of foreclosure and sale.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court