Deutsche Bank Natl. Trust Co. v Khalil (2022 NY Slip Op 04898)

Deutsche Bank Natl. Trust Co. v Khalil

2022 NY Slip Op 04898

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-05877
 (Index No. 3465/09)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Mousa A. Khalil, respondent, et al., defendants.

Greenberg Traurig, LLP, New York, NY (Ryan Sirianni of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2021. The order, insofar as appealed from, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and denied, as academic, those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2006, the defendant Mousa A. Khalil (hereinafter the defendant) executed a note in the sum of $2 million in favor of the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property located in Brooklyn. In February 2009, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant failed to answer or appear.
In May 2009, the plaintiff moved for an order of reference. In an order dated February 23, 2011 (hereinafter the February 2011 order), the Supreme Court denied the motion with leave to renew upon proper papers, including an affirmation from counsel in compliance with Administrative Order 548/10 of the Chief Administrative Judge of the Courts. In May 2011, the plaintiff moved for an extension of time to comply with the February 2011 order. In an order dated July 1, 2011, the court denied the plaintiff's motion for an extension of time, and "marked off the calendar" the plaintiff's motion for an order of reference. On December 10, 2013, at a status [*2]conference, the court issued a conditional order of dismissal for want of prosecution pursuant to CPLR 3216, directing dismissal of the complaint unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days.
The plaintiff took no further action until November 2020, when it moved, inter alia, to vacate the conditional order of dismissal, for leave to enter a default judgment, and for an order of reference. In an order dated August 4, 2021, the Supreme Court granted that branch of the motion which was to vacate the conditional order of dismissal, but, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) on the ground that the plaintiff failed to take proceedings for the entry of a judgment within one year of the default. The court also denied, as academic, those branches of the motion which were for leave to enter a default judgment and for an order of reference. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default, and a plaintiff is not even required to specifically seek a default judgment within a year" (Cumanet, LLC v Murad, 188 AD3d 1149, 1151 [citations and internal quotation marks omitted]; see Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; US Bank N.A. v Dorestant, 131 AD3d 467, 469). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121; Citibank, N.A. v Kerszko, 203 AD3d 42, 51; US Bank N.A. v Davis, 196 AD3d 530, 534; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Here, approximately two months after the defendant's default, the plaintiff moved for an order of reference. The fact that the Supreme Court later "marked off the calendar" the motion was irrelevant for the purposes of satisfying CPLR 3215(c) because the plaintiff was only required to "take proceedings for the entry of judgment" within the one-year time frame, and not actually obtain the judgment (CPLR 3215[c]; see HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497; see also Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620-621; US Bank N.A. v Dorestant, 131 AD3d at 469). "[I]t is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference to establish that it initiated proceedings for entry of a judgment within one year of the default for the purposes of satisfying CPLR 3215(c)" (HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944 [internal quotation marks omitted]; see Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 915). Moreover, the plaintiff was not required to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 621; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c).
Since those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference were denied as academic, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of those branches of the plaintiff's motion (see Bank of Am., N.A. v Lucido, 163 AD3d 614, 616; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court