Citimortgage, Inc. v Elniski (2023 NY Slip Op 04083)

Citimortgage, Inc. v Elniski

2023 NY Slip Op 04083

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

989 CA 21-01313

[*1]CITIMORTGAGE, INC., PLAINTIFF-RESPONDENT,
v
KELIANN M. ELNISKI, ALSO KNOWN AS KELIANN M. ARGY, TULLEY ELNISKI, KEEGHAN ELNISKI, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. KELIANN M. ARGY, AS ADMINISTRATOR OF THE ESTATE OF KEVIN P. ELNISKI, APPELLANT. 

ELNISKI LAW, P.C., ORCHARD PARK (KELIANN M. ARGY OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND APPELLANT.

 Appeal from an order of the Erie County Court (Suzanne Maxwell Barnes, J.), entered August 6, 2021. The order, among other things, granted plaintiff's motion for, inter alia, summary judgment. 
It is hereby ORDERED that said appeal insofar as taken by Keliann M. Argy, as administrator of the Estate of Kevin P. Elniski, and defendants Tulley Elniski and Keeghan Elniski is unanimously dismissed and the order is affirmed without costs.
Memorandum: Defendant Keliann M. Elniski, also known as Keliann M. Argy (Argy), and her then-husband Kevin P. Elniski (collectively, Elniskis) executed a note secured by a mortgage on their residence. The Elniskis later executed a second note and mortgage as well as a consolidated note and a consolidation, extension and modification agreement (CEMA) consolidating the two mortgages. Following the Elniskis' default, plaintiff, as holder of the consolidated note and CEMA, accelerated the loan and commenced this foreclosure action. The Elniskis subsequently divorced. Several years later, Kevin died, and his mother, defendant Patricia Elniski, was granted limited letters of administration for his estate.
Argy thereafter executed a stipulation withdrawing her answer to the complaint and consenting to entry of an order of reference and judgment of foreclosure and sale "at the time [p]laintiff may move for such relief." Pursuant to the stipulation, Argy further consented to entry of "any other orders or other relief for which [p]laintiff may move or apply in order to complete the foreclosure process in this action." Patricia purportedly also consented to foreclosure on behalf of the estate.
Plaintiff subsequently filed an amended complaint substituting Patricia, in her capacity as administrator of the estate, as a party defendant in place of Kevin and adding defendants Tulley Elniski and Keeghan Elniski (Elniski children) pursuant to EPTL 4-1.1. The Elniski children were appointed a guardian ad litem to defend them in the action.
Notwithstanding her stipulation withdrawing her answer and consenting to foreclosure, Argy answered the amended complaint and asserted several affirmative defenses. Plaintiff moved for, inter alia, summary judgment on the amended complaint. For reasons not apparent from this record, Argy was thereafter appointed successor administrator of the estate. On behalf of the estate, the Elniski children, and herself, Argy cross-moved to, inter alia, dismiss the amended complaint against them. The court granted the motion and denied the cross-motion. Argy and the Elniski children now appeal.
Initially, we note that the appeal insofar as taken by the Elniski children and Argy as administrator of the estate must be dismissed inasmuch as they failed to provide a record adequate to permit this Court to determine whether they are proper appellants in this action (see generally Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]).
With respect to the merits of Argy's appeal, we reject Argy's contention that County Court erred in granting the motion insofar as it sought summary judgment with respect to her. "[A] plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default" (Citibank, N.A. v Gifford, 204 AD3d 1382, 1384 [4th Dept 2022] [internal quotation marks omitted]; see Bank of N.Y. Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019]). Plaintiff met its initial burden on the motion by submitting, among other things, a copy of the CEMA, the consolidated note, and affidavits demonstrating Argy's default. The burden then shifted to Argy "to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action" (Bank of N.Y. Mellon, 169 AD3d at 1446 [internal quotation marks omitted]; see Mason v Caruana, 181 AD3d 1158, 1159 [4th Dept 2020]; Lawler v KST Holdings Corp., 115 AD3d 1196, 1198-1199 [4th Dept 2014], lv dismissed 24 NY3d 989 [2014]).
"Even '[v]iewing, as we must, the evidence of the nonmoving party as true and granting [her] every favorable inference' " (Bank of N.Y. Mellon, 169 AD3d at 1446; see Hartford Ins. Co. v General Acc. Group Ins. Co., 177 AD2d 1046, 1047 [4th Dept 1991]), we conclude that Argy did not meet her burden. We reject Argy's contention that she raised a triable issue of fact with respect to default on the consolidated note and the CEMA. That contention relies on the assertion that the loan and corresponding payment amount had been modified before this action was commenced, but the record is devoid of any proof of a written modification as required under the plain terms of the CEMA. Moreover, Argy executed the stipulation consenting to foreclosure well after the CEMA was allegedly modified and, pursuant to the terms of the stipulation, she waived any defenses to foreclosure (see generally Fortress Credit Corp. v Hudson Yards, LLC, 78 AD3d 577, 577 [1st Dept 2010]; Red Tulip, LLC v Neiva, 44 AD3d 204, 205 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]; Socia v Trovato, 197 AD2d 916, 917 [4th Dept 1993]). Contrary to Argy's related contention, her alleged financial distress at the time she executed the stipulation is not a sufficient ground on which to void her consent to foreclosure (see Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 715 [2d Dept 2018]; see generally Hallock v State of New York, 64 NY2d 224, 230 [1984]).
We reject Argy's further contention that the court erred in denying the cross-motion insofar as it sought to dismiss the foreclosure action against her on the ground that plaintiff unreasonably delayed in substituting Patricia, as administrator of the estate, as a defendant. Any delay by plaintiff in that regard has no effect on the action against Argy, who is not "the party for whom substitution should have been made" (CPLR 1021; see Vicari v Kleinwaks, 157 AD3d 975, 977-978 [2d Dept 2018]; see generally Fitzpatrick v Palazzo, 46 AD3d 1414, 1414 [4th Dept 2007]).
We further conclude that the court did not err in denying the cross-motion insofar as it sought dismissal pursuant to CPLR 3215 (c) inasmuch as Argy, who timely answered the complaint, did not default, rendering that statute inapplicable (see Bank of N.Y. Mellon v Ingrassia, 204 AD3d 633, 635 [2d Dept 2022]; see also Matter of Aarismaa v Bender, 108 AD3d 1203, 1205 [4th Dept 2013]). To the extent that Argy contends that she was entitled to dismissal under CPLR 3216, we reject that contention. Argy failed to establish that all of the requisite conditions for dismissal were met inasmuch as there is no evidence in the record that she "served a written demand by registered or certified mail requiring [plaintiff] to resume prosecution of the action and to serve and file a note of issue within [90] days after receipt of such demand" (CPLR 3216 [b] [3]; see Hilliard v Highland Hosp., 88 AD3d 1291, 1292 [4th Dept 2011]).
We have reviewed Argy's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court