U.S. Bank N.A. v Dickerson (2024 NY Slip Op 00447)

U.S. Bank N.A. v Dickerson

2024 NY Slip Op 00447

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04167
 (Index No. 10091/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Osbert Dickerson, etc., respondent, et al., defendants.

McCabe, Weisberg & Conway, LLP, Melville, NY (Kenneth O. Britt of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 25, 2018. The order denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant Osbert Dickerson and for an order of reference, granted that defendant's application pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the application of the defendant Osbert Dickerson pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted him as abandoned and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
In May 2013, the plaintiff commenced this foreclosure action against the defendant Osbert Dickerson (hereinafter the defendant), among others. The defendant failed to appear or answer the complaint. Mandatory settlement conferences were held on September 28, 2015, and October 21, 2015, but no settlement was reached. In or around November 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In his opposition to the motion, the defendant requested that the complaint be dismissed insofar as asserted against him as abandoned pursuant to CPLR 3215(c). In an order dated October 25, 2018, the Supreme Court denied the plaintiff's motion, granted the defendant's application pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and properly granted the defendant's application pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. Pursuant to CPLR 3215(c), "[a]n action is deemed abandoned where a [*2]default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter" (Iorizzo v Mattikow, 25 AD3d 762, 763; see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558). A plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed. "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d 301, 308; see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 792).
Here, the plaintiff failed to demonstrate a reasonable excuse for its delay in taking proceedings toward the entry of judgment. Despite the fact that the defendant failed to appear or answer the complaint after being served with process, the plaintiff took no steps to initiate proceedings for the entry of a default judgment against the defendant until more than one year after this action was released from the mandatory foreclosure settlement conference part (see U.S. Bank N.A. v Benitez, 211 AD3d 765, 766; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867-868). Contrary to the plaintiff's contention, dismissal pursuant to CPLR 3215(c) does not require a finding that the defendant was prejudiced by the plaintiff's delay in taking proceedings toward the entry of judgment (see e.g. U.S. Bank N.A. v Benitez, 211 AD3d at 766).
Accordingly, the Supreme Court properly granted the defendant's application pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and properly denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court