U.S. Bank N.A. v 63 Holiday Dr. Realty Corp. (2024 NY Slip Op 04277)

U.S. Bank N.A. v 63 Holiday Dr. Realty Corp.

2024 NY Slip Op 04277

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-10149
 (Index No. 600285/20)

[*1]U.S. Bank National Association, etc., respondent,
v
63 Holiday Drive Realty Corp., appellant, et al., defendants.

Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Jason Creech and Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 63 Holiday Drive Realty Corp. appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 25, 2022. The order, insofar as appealed from, denied that defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on a condominium unit allegedly owned by the defendants 63 Holiday Drive Realty Corp. (hereinafter 63 Holiday) and Sunjan Singh. 63 Holiday failed to appear or answer the complaint. The plaintiff subsequently moved, inter alia, for leave to serve Singh by publication, and 63 Holiday cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. In an order entered October 25, 2022, the Supreme Court, among other things, denied 63 Holiday's cross-motion. 63 Holiday appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558). "Rather, 'as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 789, quoting Brown v Rosedale Nurseries, 259 AD2d 256, 257). Furthermore, "[t]he failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874).
Here, the plaintiff filed a request for judicial intervention and requested a foreclosure settlement conference within one year of the default. Such formal requests generally constitute "proceedings to bring the case to a judgment, thereby negating any intent to abandon the action" (U.S. Bank, N.A. v Duran, 174 AD3d 768, 770; see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 790). Moreover, to the extent that a foreclosure settlement conference was not required, as 63 Holiday argues, the plaintiff demonstrated that under the circumstances of this case, it reasonably believed that such a conference was required, so as to demonstrate a reasonable excuse for the delay in timely moving for leave to enter a default judgment (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d at 875). The plaintiff additionally demonstrated the existence of a potentially meritorious cause of action (see id.).
Accordingly, the Supreme Court properly denied 63 Holiday's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court