U.S. Bank N.A. v DiGiovanni (2024 NY Slip Op 05234)

U.S. Bank N.A. v DiGiovanni

2024 NY Slip Op 05234

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-00565
 (Index No. 623468/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Madeline A. DiGiovanni, etc., respondent, et al., defendants.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Alexandra Heaney of counsel), for appellant.
Thomas E. Draycott, Brightwaters, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated December 16, 2022. The order denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant Madeline A. DiGiovanni and for an order of reference, granted that defendant's application pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, and directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the application of the defendant Madeline A. DiGiovanni pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR § 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
On August 13, 2007, the defendant Madeline A. DiGiovanni (hereinafter the defendant) executed a note in the amount of $270,000 in favor of Webster Bank, N.A. (hereinafter Webster). The note was secured by a mortgage on certain real property located in Suffolk County.
On November 30, 2018, the plaintiff, Webster's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. A process server stated in an affidavit that he personally served the defendant with the summons and complaint on December 10, 2018. The defendant failed to answer the complaint or otherwise appear in the action.
On December 28, 2018, the plaintiff filed a request for judicial intervention (hereinafter RJI) with the Suffolk County Clerk's Office, in which the plaintiff requested a residential mortgage foreclosure settlement conference. The action was released from the settlement part on March 5, 2019.
On September 27, 2022, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. In her opposition to the [*2]motion, the defendant requested that the complaint be dismissed as abandoned pursuant to CPLR 3215(c). In reply, the plaintiff argued, inter alia, that it took proceedings toward the entry of a judgment by filing the RJI on December 28, 2018.
In an order dated December 16, 2022, the Supreme Court denied the plaintiff's motion, granted the defendant's application pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, and directed dismissal of the complaint. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter" (Iorizzo v Mattikow, 25 AD3d 762, 763). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). Nor is a plaintiff required to specifically seek the entry of a judgment within one year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944).
Although the plaintiff correctly contends that the filing of an RJI can constitute the taking of proceedings toward the entry of a judgment (see e.g. Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 654-655), the plaintiff failed to file the RJI in this case within one year of the defendant's default. "The one-year statutory time frame is not one year from the commencement of the action, but one year from when the defendant's answer or responsive motion was due, which itself is measured from when service is deemed complete" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49).
The defendant was personally served with the summons and complaint pursuant to CPLR 308(1) on December 10, 2018. Thus, the defendant's answer was due 20 days later, and the defendant's default occurred on that date (see id. §§ 320, 3012[a]). When the plaintiff filed the RJI on December 28, 2018, the defendant was not yet in default.
Thus, the plaintiff failed to establish that it took proceedings toward the entry of a judgment within one year of the defendant's default. Accordingly, the Supreme Court properly granted the defendant's application pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and directed dismissal of the complaint.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court