HSBC Bank USA, N.A. v Johnson (2025 NY Slip Op 00084)

HSBC Bank USA, N.A. v Johnson

2025 NY Slip Op 00084

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09717
 (Index No. 612896/20)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Gary Johnson, respondent, et al., defendants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for appellant.
Christopher Thompson (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated September 16, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Gary Johnson and for an order of reference and granted that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 11, 2020, the plaintiff commenced this action against the defendant Gary Johnson (hereinafter the defendant), among others, to foreclose a mortgage. According to the affidavit of the plaintiff's process server, the defendant was served by delivery of the summons and complaint to a person of suitable age and discretion on October 12, 2020, followed by a mailing of copies of the same documents on October 13, 2020. The affidavit of service was filed on October 20, 2020. Thereafter, the defendant failed to answer the complaint.
On May 27, 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, arguing that the plaintiff had failed to take proceedings toward the entry of judgment within one year of the defendant's default in answering.
In opposition to the cross-motion, the plaintiff argued that its delay in taking proceedings toward the entry of judgment was excusable in light of (1) the automatic stay of foreclosure proceedings pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act (hereinafter CEEFPA), which was passed on December 28, 2020, and (2) a 90-day moratorium on foreclosures pursuant to Disaster Declaration 4615-DR-NY by the Federal Emergency Management Agency (hereinafter FEMA), which began on September 5, 2021.
In an order dated September 16, 2022, the Supreme Court, inter alia, denied those [*2]branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (id. § 3215[c]). "To avoid dismissal pursuant to CPLR 3215(c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default, and a plaintiff is not even required to specifically seek a default judgment within a year" (Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557 [alterations and internal quotation marks omitted]). Rather, "[a]s long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint" (id. [citations omitted]).
Here, the plaintiff submitted the affidavit of service, which indicated that the defendant was served by substituted service pursuant to CPLR 308(2). The affidavit of service was filed on October 20, 2020, and service became "complete" 10 days later, on October 30, 2020 (id.). Therefore, the defendant's answer was due by November 29, 2020 (see id. § 3012[c]). Thus, the plaintiff initially had until November 29, 2021, to take proceedings toward the entry of judgment in order to avoid a dismissal under CPLR 3215(c).
As the plaintiff correctly contends, this deadline was extended by 60 days pursuant to CEEFPA (see L 2020, ch 381, § 3, part B, § 1, subpart A, § 3). Taking this 60-day stay into account, the plaintiff had until January 28, 2022, to take proceedings toward the entry of judgment. However, the plaintiff did not move for leave to enter a default judgment until May 27, 2022. Moreover, even assuming, arguendo, that the plaintiff had been entitled to an additional 90-day extension of the deadline pursuant to the FEMA disaster declaration, the plaintiff still would have failed to take proceedings toward the entry of judgment before the deadline.
Where, as here, the plaintiff has failed to timely take proceedings toward the entry of judgment, a plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed. "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d 301, 308; see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 792).
Aside from the purported delays resulting from CEEFPA and the FEMA disaster declaration, the plaintiff offered no excuse for its failure to take proceedings toward the entry of judgment within the applicable deadline following the defendant's default. Thus, this Court need not address whether the plaintiff established a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027; Bank of Am., N.A. v Santos, 175 AD3d 449, 451; Giglio v NTIMP, Inc., 86 AD3d at 308).
In light of the foregoing, we need not address the parties' remaining contentions.
Accordingly, we affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court