Wells Fargo Bank, N.A. v Weiss (2025 NY Slip Op 02238)

Wells Fargo Bank, N.A. v Weiss

2025 NY Slip Op 02238

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07232
 (Index No. 42/10)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Boruch Weiss, appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (McCall Raymer Leibert Pierce, LLC, New York, NY [Justin P. Robinson], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Boruch Weiss appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated March 21, 2022. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated January 27, 2020, vacating an order of the same court dated July 6, 2017, which granted the defendant Boruch Weiss's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and, upon vacatur, denying the motion.
ORDERED that the order dated March 21, 2022, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order dated January 27, 2020 is vacated, and thereupon, the order dated July 6, 2017, granting the defendant Boruch Weiss's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, is reinstated.
In January 2010, the plaintiff commenced this action against the defendants Boruch Weiss, Dorothy Ptomey, and Eric T. Ptomey, among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. Dorothy Ptomey and Eric T. Ptomey (hereinafter together the Ptomeys) interposed an answer with counterclaims, but Weiss failed to appear or answer the complaint. The plaintiff moved to dismiss certain affirmative defenses and counterclaims asserted in the Ptomeys' answer, which motion was granted in an order dated January 9, 2012.
In May 2016, Weiss moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated July 6, 2017, the Supreme Court granted Weiss's motion.
In September 2017, the plaintiff moved pursuant to CPLR 2221(d) for leave to reargue its opposition to Weiss's motion. In an order dated September 5, 2018, the Supreme Court denied the plaintiff's motion.
In April 2019, the plaintiff moved pursuant to CPLR 2221(e) for leave to renew its motion for leave to reargue. In an order dated January 27, 2020, the Supreme Court granted the plaintiff's motion to the extent of vacating the order dated July 6, 2017, granting Weiss's motion [*2]pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and, upon vacatur, denied Weiss's motion on the ground that CPLR 3215(c) was inapplicable because Weiss had timely filed an answer and was not in default.
In May 2020, Weiss moved for leave to reargue based upon the Supreme Court's misapprehension of fact that Weiss had timely filed an answer. In an order dated March 21, 2022, the court granted leave to reargue and, upon reargument, adhered to its prior determination in the order dated January 27, 2020, but on different grounds, finding that the plaintiff timely took proceedings by moving to dismiss the Ptomeys' affirmative defenses and counterclaims. Weiss appeals from the order dated March 21, 2022.
Pursuant to CPLR 3215(c), "[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter" (Iorizzo v Mattikow, 25 AD3d 762, 763; see Christiana Trust v Victor, 224 AD3d 869, 872). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). Nor is a plaintiff required to specifically seek the entry of a judgment within one year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944).
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). While the determination to grant leave to reargue lies within the sound discretion of the court (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Emigrant Bank v Kaufman, 223 AD3d 650, 652).
Here, in support of his motion for leave to reargue, Weiss argued simply that "the [c]ourt overlooked or misapprehended the facts" by holding, in the order dated January 27, 2020, that the complaint was improperly dismissed because Weiss "filed a timely answer on January 28, 2010," when, in fact, Weiss never answered the complaint. Weiss sought reversal of the order dated January 27, 2020, based on the Supreme Court's "factual error." Thus, contrary to the plaintiff's contention, Weiss did not improperly seek to argue issues that he had not raised in opposition to the plaintiff's motion for leave to renew. Moreover, contrary to the court's finding, the record shows that Weiss did default by failing to interpose an answer. Therefore, Weiss could properly seek to dismiss the complaint insofar as asserted against him as abandoned pursuant to CPLR 3215(c) (cf. Amtrust Bank v Dweck, 207 AD3d 606, 607; Bank of N.Y. Mellon v Ingrassia, 204 AD3d 633, 635). Contrary to the plaintiff's contention, CPLR 3215(c) was not inapplicable because the Ptomeys had answered the complaint (see Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 835-836).
Furthermore, contrary to the Supreme Court's determination, the plaintiff's motion to dismiss the Ptomeys' affirmative defenses and counterclaims was not a proceeding for entry of a default judgment against Weiss (see LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1224).
Accordingly, the Supreme Court, upon reargument, should have vacated the order dated January 27, 2020, and thereupon, reinstated the order dated July 6, 2017, granting Weiss's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
The parties' remaining contentions either are without merit or need not be reached in view of our determination.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court