Bank of N.Y. Mellon v Hamawi
2026 NY Slip Op 03659
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bank of New York Mellon, etc., respondent,
v
Antoun A. Hamawi, et al., defendants, Muna Hamawi, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-08843, 2025-09492, (Index No. 15252/09)
Angela G. Iannacci, J.P.
Helen Voutsinas
Janice A. Taylor
James P. McCormack, JJ.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Pincus & Tarab, Attorneys at Law, PLLC, Uniondale, NY (Robert Markel of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Muna Hamawi appeals from (1) an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered July 8, 2025, and (2) an order of the same court entered July 29, 2025. The order entered July 8, 2025, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Muna Hamawi and for an order of reference and denied the cross-motion of the defendant Muna Hamawi to toll the accrual of interest on the subject mortgage loan from May 4, 2011, to February 22, 2017. The order entered July 29, 2025, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Muna Hamawi and for an order of reference and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the order entered July 8, 2025, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Muna Hamawi and for an order of reference is dismissed, as that portion of that order was superseded by the order entered July 29, 2025; and it is further,
ORDERED that the order entered July 8, 20205, is affirmed insofar as reviewed; and it is further,
ORDERED that the order entered July 29, 2025, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2009, the plaintiff commenced this action against the defendant Muna Hamawi (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Valley Stream. The defendant failed to answer the complaint or appear in the action. In September 2009, the plaintiff filed a request for judicial intervention as well as a motion for an order [*2]of reference. In an order entered May 4, 2011, the Supreme Court denied the plaintiff's motion without prejudice.
The plaintiff obtained an order of reference on July 6, 2017, and a judgment of foreclosure and sale on October 2, 2018. Thereafter, the defendant moved, among other things, to vacate the order of reference and the judgment of foreclosure and sale on the ground that pursuant to CPLR 321(c) an automatic stay had been in effect since November 2010 due to the death of the defendant's attorney. In an order entered December 24, 2024, the Supreme Court, inter alia, granted those branches of the defendant's motion.
The plaintiff again moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, arguing, inter alia, that the Supreme Court could not grant leave to enter a default judgment against her and was required to dismiss the complaint pursuant to CPLR 3215(c), because the plaintiff had abandoned the action, and cross-moved to toll the accrual of interest from May 4, 2011, to February 22, 2017. In an order entered July 8, 2025, the court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. In an order entered July 29, 2025, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from the order entered July 8, 2025, and the order entered July 29, 2025.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557). Rather, as long as proceedings are being taken, and those proceedings manifest an intent not to abandon the action but to seek entry of judgment, the complaint should not be subject to dismissal (see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 789; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557).
Here, contrary to the defendant's contention, the plaintiff took proceedings for the entry of judgment within one year of the defendant's default by moving for an order of reference on September 30, 2009 (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557). "[T]he plaintiff was not required to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c)" (id. at 558). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
In an action of an equitable nature, such as an action to foreclose a mortgage, the recovery of interest is within the court's discretion and the exercise of that discretion will be governed by the particular facts in each case (see Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394; BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the defendant's cross-motion to toll the accrual of interest from May 4, 2011, to February 22, 2017, since during that period the action was automatically stayed pursuant to CPLR 321(c) due to the death of the defendant's attorney.
IANNACCI, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court